IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 18-CR-00209-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORGE OBESO-GASTELUM,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on May 14, 2018 . The court has taken judicial notice of the court's file and the pretrial services report. Moreover, the court has considered the proffers by the defendant and the government.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the Defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file. Lastly, I have considered the proffers submitted by the

government and defense counsel and the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment as follows:

Count 1: - 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), 941 (b)(1)(A)(viii), 841(b)(1)(B)(viii), 841(b)(1)© 846;

Count 22 - 21 U.S.C. § 843(b) and 843(d);

Count 23 - 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(viii) and 18 U.S.C. § 2;

Second, I find that the rebuttable presumption of detention applies in this case pursuant to 18 U.S.C. § 3142(e)(3) and (f) based upon the charges brought in the Indictment.

Third, I find that probable cause exists that defendant committed the above crimes charged in the Indictment.

Fourth, I find that defendant was born in Mexico and is a citizen of Mexico. Defendant's brother, Omar Obeso-Gastelum is a co-defendant in the case. The defendant is in the United States illegally and an BICE detainer has been lodged against the defendant. Defendant's Colorado Driver's License is suspended. Defendant has used at least two alias names and two alias social security numbers in the past. Defendant has suffered two prior failures to appear all resulting in warrants being issued. In addition, Defendant has suffered two prior failures to comply and one prior failure to pay all resulting in warrants being issued. Defendant has suffered convictions for Possession of a Forged Instrument (felony); Failure to Present Proof of Insurance (misd.)[ three separate convictions]; simple assault (misd.); and Assault/Battery (misd.). Defendant has been previously deported from the United States back to Mexico on March 5, 1999; July 19, 2001, and March 24, 2004. Defendant has committed new crimes while on probation in Gilpin County District Court Case No. 98-CR-113. Defendant has had his probation terminated unsuccessfully in the past. Defendant has failed to rebut the rebuttable presumption of detention. The

defendant is not contesting detention.

In light of these facts and defendant's immigration status, I find, by a preponderance of the evidence, that defendant is a flight risk and that there is no condition or combination of conditions of release that will reasonably assure his presence in court.  Accordingly, I order that the defendant be detained without bond.

Done this 14th day of May, 2018.


BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge